■ CALVIN D. MOORE, Respondent, v WHEELS, INC., Appellant, et al., Defendants. RUDY WALKER, Third-Party Plaintiff, v WHEELS, INC., et al., Third-Party Defendants. TRANS AUTO SYSTEMS, INC., Plaintiff, v RHENA VAUGHNS et al., Defendants. —Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered July 17, 1989, which denied defendant's motion for an order directing the plaintiff to submit to a further physical examination before trial, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion is granted, without costs.

Almost 8½ years after this personal injury action was commenced, the plaintiff alleged for the first time that he had sustained a herniated disc in his lumbar region in the accident giving rise to this lawsuit. Some two years after this allegation was made, at a time when the case had still not progressed beyond the discovery phase, the defendant requested a further physical and oral examination of the plaintiff respecting the disc injury, and access to the CAT-scan films from which the disc injury was allegedly diagnosed. When plaintiff refused to accede to this request voluntarily, the present motion to compel disclosure was made. The motion was denied, apparently because the motion court could perceive no reason for the defendant's delay in seeking the additional disclosure. While it certainly would have been better for defendant to move more expeditiously for the relief now sought, a review of the record discloses that plaintiff has shown little eagerness to bring this matter to trial. Indeed, at the time of the within motion this action was already 11 years old, during which time it had been largely dormant, and plaintiff had still not filed a note of issue and certificate of readiness. Under these circumstances, the small additional delay entailed by the grant of defendant's motion would not have prejudiced the plaintiff. Defendant, on the other hand, may be seriously prejudiced if it is denied discovery to which it would ordinarily be entitled as a matter of course respecting injuries which had not yet been alleged at the time of defendant's previous examinations of the plaintiff. Accordingly, we think that the motion ought to have been granted. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.